(33 App. Div. 371.)

### GILBERT v. ACKERMAN.

(Supreme Court, Appellate Division, First Department. October 21, 1898.)

LIMITATIONS—CORPORATE LIABILITIES.

 Laws 1897, c. 281, providing that an action against directors or stockholders of a moneyed corporation to enforce a liability created by common law or statute must be brought within three years after the cause of action has accrued, does not operate to cut off common-law liabilities existing at its passage, to which the six-years period of limitation applied, since the legislature could not take away an existing cause of action.

Appeal from special term, New York county.

Action by William T. Gilbert, as receiver of the Commercial Alliance Life Insurance Company, against Benjamin G. Ackerman, impleaded with others. From an interlocutory judgment overruling plaintiff's demurrer, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

H. D. Hotchkiss, for appellant.
M. H. Cardozo, for respondent.

VAN BRUNT, P. J. This action was commenced on the 18th of March, 1898, against certain former directors of the Commercial Alliance Life Insurance Company, to recover moneys of the corporation alleged to have been misapplied by them. The defendant Ackerman alleged for a fourth defense that the alleged cause of action did not accrue within three years from the commencement of the action. It is conceded that, unless chapter 281 of the Laws of 1897 deprived the plaintiff of the right to maintain this action, the defense is bad. Prior to the passage of that act, the statute of limitations in reference to actions against directors or stockholders of a moneyed corporation required that actions to enforce a liability created by statute should be brought within three years after the cause of action had accrued, but, where the liability was created by the common law, the six-year statute of limitations still applied; and this six-year statute was the one which was in operation at the time the liability of the defendant Ackerman, if any, accrued. The act of 1897 included within the three-years statute of limitations liabilities existing under the common law. This act was signed on the 16th of March, and by its terms went into effect the 1st of September, 1897. The court below held that the statute applied. Upon a consideration of the legislation in question it appears that no time whatever was given to the plaintiff, after the act went into effect, within which to commence his action. In all of the cases cited the time given was after the act went into effect, but, in the case at bar, the moment the act went into effect, the statute applied. It is true that it was a considerable period of time after the act was signed before it went into effect. By its own terms it had no vitality until the 1st of September, 1897, when the rights of the plaintiff were absolutely cut off by its terms. In all the cases cited it is held that a party, after a new statute of limitations went into effect, had a reasonable time within which to commence the action. No reservation whatever was made by the terms of the act in favor of liabilities which were in existence at the time the act went into effect. Therefore there was no time allowed to the plaintiff within which to commence his action after the act became effectual. It is urged, however, upon the part of the defendant, that, the receiver being a creature of the statute, and there being no right at common law to appoint a receiver of a corporation, the legislature had power, in any manner in which they might see fit, to restrict the right of a receiver to bring actions of this description. That may be conceded. But the legislature have not done this. The liability was not the creation

of the statute, and therefore the right to enforce the same could not be absolutely taken away by the legislature. There was no attempt by the act to restrict the powers or duties of the receiver of a corporation, but it was a general statute of limitations; and, as the receiver represented a right of action which existed in the corporation prior to his appointment, which he had the right to enforce, the legislature could not absolutely take away a cause of action existing at the time of the passage of the law.

The judgment should therefore be reversed, with costs, and the demurrer sustained, with leave to the defendant to serve an amended answer upon payment of costs in this court and in the court below. All concur.